


**RECEIVED MAY 20 2008 CHAMBERS OF RICHARD J. HOLWELL**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

DOUGLAS W. HEIM
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

May 19, 2008

**BY FAX: (212) 806-7948**
Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/08
```

Re: Jeffrey Capers v. City of New York, et al., 08 Civ. 3681 (RJH)

Your Honor:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced action. I write to respectfully request (1) an extension of the City's time to answer or otherwise respond to the complaint from February May 19, 2008 to July 18, 2008, and (2) and adjournment of the June 20, 2008 conference until issue has been joined. I have conferred with plaintiff's counsel and he has consented to the extension and adjournment.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In his complaint, plaintiff alleges, *inter alia*, that he was falsely arrested and subjected to excessive force by police officer Stephen Babin.[1] Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that

---

[1] Upon information and belief, Officer Babin has not yet been served in this matter.

defendant City can access the information, properly assess the case, and respond to this complaint.

Additionally, because plaintiff has alleged injuries as a result of the alleged misconduct by defendants, this office is also in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so defendant City can properly assess the case and respond to the complaint.

Finally, should the Court grant this enlargement, this office, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, would have time to determine whether we may represent the individually named defendant in this matter. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In a similar vein, defendant City also respectfully requests an adjournment of the June 20, 2008 initial conference in this matter until issue has been joined. In order to fully contemplate the subjects of Fed. R. Civ. P. 16 and 26 for purposes of having an informed position on a discovery schedule, settlement, and potential motions, this office must adequately investigate the allegations of the complaint.

No previous request for an extension or adjournment has been made by either party. At this juncture, the initial conference is the only hearing and/or deadline affected by this request. Accordingly, it respectfully requested that the Court grant the City's application to (1) extend its time to answer or otherwise respond to the complaint from May 19, 2008 until July 18, 2008; and (2) adjourn the initial conference from June 20, 2008 until ~~after issue has been joined~~ July 25, 2008 at 10:00 Am.

SO ORDERED

Thank you for your consideration herein.

Respectfully submitted,

Douglas W. Heim
Assistant Corporation Counsel
Special Federal Litigation Division

USDJ 5/28/08

cc: Mark L. Lubelsky (By Fax: (212)-255-5552)
Mark Lubelsky & Associates
123 West 18th Street
New York, NY 10011

2