UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

JEFFREY CAPERS,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
STEPHEN BABIN,

                              Defendants.

--------------------------------------------------------------------- x

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND OFFICER BABIN TO THE COMPLAINT**

08 Civ. 3681 (RJH)

JURY TRIAL DEMANDED

       The City of New York and Officer Stephen Babin by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to seek damages as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant City maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

6.    Deny the allegations set forth in paragraph "6" of the complaint.

7.    Deny the allegations set forth in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that defendant Babin is presently employed by the City of New York as a police officer.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that defendant Babin is presently employed by the City of New York as a police officer.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that defendant Babin is presently employed by the City of New York as a police officer.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that defendant Babin is employed by the City of New York as a police officer.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that defendant Babin is employed by the City of New York as a police officer.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that defendant Babin is employed by the City of New York as a police officer.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that defendant Babin is employed by the City of New York as a police officer.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that defendant Babin is employed by the City of New York as a police officer.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was present at or near the subway station located at 116th Street and Lexington Avenue in New York City on or about March 16, 2007.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint, except admit that defendant Babin used his OC spray.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint, except admit that defendant Babin attempted to handcuff plaintiff.

31.    Deny the allegations set forth in paragraph "31" of the complaint, except admit that defendant Babin attempted to arrest plaintiff.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff was released.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint, except admit that defendant Babin attempted to arrest plaintiff.

42.     Deny the allegations set forth in paragraph "42" of the complaint, except admit that defendant Babin attempted to arrest plaintiff.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint, except admit that defendant Babin attempted to arrest plaintiff.

46.     Deny the allegations set forth in paragraph "41" of the complaint, except admit that defendant Babin attempted to arrest plaintiff.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53"of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendants City and Babin repeat and reallege their responses as set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint.

65.     In response to the allegations set forth in paragraph "65" of the complaint, defendants City and Babin repeat and reallege their responses as set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

66.     The allegations set forth in paragraph "66" of the complaint constitute legal conclusions rather than averments of fact, as such, no response is required.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     The allegations set forth in paragraph "70" of the complaint constitute legal conclusions rather than averments of fact, as such, no response is required.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     Deny the allegations set forth in paragraph "73" of the complaint.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     In response to the allegations set forth in paragraph "75" of the complaint, defendants City and Babin repeat and reallege their responses as set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     In response to the allegations set forth in paragraph "80" of the complaint, defendants City and Babin repeat and reallege their responses as set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

84.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

85.     Defendants City and Babin have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

86.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of defendants City and Babin.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

87.     Plaintiff failed to comply with the conditions precedent to suit.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

88.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

89.    There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

90.    Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

91.    Punitive Damages cannot be assessed against defendant City.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

92.    Defendant Babin has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore  is protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

93.    At all times relevant to the acts alleged in the complaint, defendant Babin acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

94. This action is barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              July 18, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-213
                              New York, New York 10007
                              (212) 788-1298


                              By:    _____/S/_____

                                     DOUGLAS W. HEIM
                                     Assistant Corporation Counsel